UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAMISELY MARIGEIDY PEREZ-REYES,

Petitioner,

v.

JULIO HERNANDEZ, BRUCE SCOTT, MARKWAYNE MULLIN, TODD BLANCHE, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

Respondents.

Case No. 2:26-cv-01532-TMC

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

## I.    INTRODUCTION

Before the Court is petitioner Damisely Marigeidy Perez-Reyes' petition for a writ of habeas corpus. Dkt. 1. Perez-Reyes seeks either her immediate release or a bond hearing. For the following reasons, Perez-Reyes' petition is GRANTED in part and DENIED in part. The Court ORDERS that Perez-Reyes is not subject to mandatory detention under 8 U.S.C. § 1225, and that she must be allowed to challenge her detention under 8 U.S.C. § 1226(c) in a *Joseph* hearing.

## II.    BACKGROUND

Perez-Reyes, a native of Guatemala, entered the United States around May 22, 2014 as an unaccompanied minor. Dkt. 1 ¶ 4; Dkt. 7 ¶¶ 4–5. She was arrested four days later by Border

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 1

Patrol and was placed into immigration proceedings on June 11. Dkt. 7 ¶¶ 5–6. On June 19, Perez-Reyes was released from custody to her brother-in-law on an order of recognizance. *Id.* ¶ 8. Perez-Reyes applied for asylum and withholding of removal with United States Citizenship and Immigration Services ("USCIS") in 2017. *Id.* ¶¶ 12–13. Soon after, an Immigration Judge ("IJ") administratively closed Perez-Reyes' removal proceedings on her motion. *Id.* ¶ 14.

On November 16, 2025, Perez-Reyes was arrested on allegations of "defrauding to obtain property with a value of $50,000 dollars" and "grand theft third degree" and detained in Orange County Jail in Orlando, Florida. *Id.* ¶¶ 18–19; Dkt. 1-1 at 13–15. Immigration and Customs Enforcement ("ICE") learned of this arrest three days later and took Perez-Reyes into custody on November 22. Dkt. 7 ¶¶ 19–20. Although the declaration of Deportation Officer Paul Correa states that "these charges are still pending" as of late May 2026, there are no underlying documents in the record that show the status of the charges. *See id.* ¶ 18.

A bond hearing was held on April 16, 2026 where the IJ denied Perez-Reyes bond based on lack of jurisdiction under both 8 U.S.C. § 1225(b) and the Laken Riley Act amendments to 8 U.S.C. § 1226(c). Dkt. 1-1 at 10–11. The IJ found that if she had jurisdiction, she would grant bond in the amount of $7,500. *Id.* at 11.

The instant petition was filed on May 6. Dkt. 1. Respondents filed their response on May 20. Dkt. 6. Perez-Reyes filed her reply on May 26. Dkt. 9.

### III.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 2

### IV.    DISCUSSION

Perez-Reyes argues that her detention violates the Immigration and Naturalization Act ("INA"), the Administrative Procedure Act ("APA"), her Fifth Amendment right to procedural due process, and the Laken Riley Act. *Id.* ¶¶ 23–94. In response, Respondents argue only that Perez-Reyes is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E) as amended under the Laken Riley Act. Dkt. 6 at 6–10. Perez-Reyes argues that even if the government "asserts mandatory detention" under the Laken Riley Act and identifies the predicate offense, she "is entitled to meaningful review of whether that mandatory detention classification is legally proper" through a *Joseph* hearing. *See* Dkt. 1 ¶¶ 55–57; Dkt. 9 at 7 ("that review is especially important here because Respondents seek to impose mandatory detention based upon arrest allegations").

**A.    Perez-Reyes is not subject to mandatory detention under 8 U.S.C. § 1225(b).**

Although the IJ found that she lacked jurisdiction to issue bond under both § 1225(b) and the Laken Riley Act, Respondents do not argue here that § 1225(b) applies. This Court has previously found that similarly situated petitioners—who entered the United States without inspection as minors, had their removal proceedings closed, and were later detained—are not subject to § 1225(b). *See Del Valle Castillo v. Wamsley*, No. 2:25-cv-02054-TMC, 2025 WL 3524932, at *6–7 (W.D. Wash. Nov. 26, 2025). The same rationale applies here, and § 1225(b) does not mandate that Perez-Reyes be detained.

**B.    Perez-Reyes should exhaust her administrative remedies through a *Joseph* hearing.**

As both parties recognize in their briefing, an immigration detainee may challenge their detention classification under § 1226(c) through a *Joseph* hearing in front of an IJ. *See Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999). Respondents argue that a *Joseph* hearing would be futile

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 3

and urge the court to simply uphold Perez-Reyes' mandatory detention under the Laken Riley Act. *See* Dkt. 6 at 6–7. But there is no underlying information in the record about the status of the charges that led to Perez-Reyes' arrest or the underlying facts. If Petitioner believes that she does not fall within the detention categories of the Laken Riley Act, she should have a chance to develop that record before the IJ, and exhausting those administrative remedies would create a better record for review either by the BIA or a habeas court. *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (further development of the record is a prudential basis for requiring exhaustion). The Court therefore DENIES Perez-Reyes's claims arising from her detention under the Laken Riley Act without prejudice to her bringing them in a later habeas petition, so that she may exhaust her administrative remedies and develop the record surrounding those claims in immigration court.

## V.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED IN PART and DENIED IN PART.

2.    Petitioner Damisely Marigeidy Perez-Reyes is not subject to mandatory detention under 8 U.S.C. § 1225(b).

3.    Petitioner's challenge to her detention under 8 U.S.C. § 1226(c) is DENIED WITHOUT PREJUDICE so that she may exhaust administrative remedies.

4.    Within 14 days of Petitioner's request for a *Joseph* hearing, Respondents must either release her or provide her that hearing.

Dated this 25th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 4